# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| WILLIAM CORDER,<br><br>    Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | Case No. __3:21-cv-494-BJB__<br><br>Removed from Bullitt County Circuit Court, Commonwealth of Kentucky, Case No. 21-CI-00552 |

## NOTICE OF REMOVAL

Defendant The Prudential Insurance Company of America (incorrectly sued as "Prudential Insurance Company of America") ("Prudential"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in the Bullitt County Circuit Court, Commonwealth of Kentucky, Case No. 21-CI-00552. In support of this Notice of Removal, Prudential states the following:

### Timeliness and Background

1. On July 2, 2021, Plaintiff William Corder ("Plaintiff") commenced a civil action against Prudential and Hartford Life and Accident Insurance Company ("Hartford") by filing a complaint in the Bullitt County Circuit Court, Commonwealth of Kentucky, titled *William Corder v. Hartford Life and Accident Insurance Company and Prudential Insurance Company of America*, Case No. Case No. 21-CI-00552.

2. Hartford was served on July 12, 2021. Hartford has consented to removal of this action.

3.  On July 12, 2021, Plaintiff served Prudential by certified mail through its registered agent.

4.  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1).

5.  Because Prudential has filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

6.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitutes "all summons, pleadings, and orders" in the state court action is attached hereto as Exhibit A.

7.  In the Complaint, Plaintiff seeks life insurance waiver of premium ("WOP") benefits under a Prudential-issued life insurance policy. (Comp. ¶ 31.) Plaintiff alleges that he was insured for the WOP benefits pursuant to an employee welfare benefit plan sponsored by his employer, Amazon ("the plan"). (Compl. ¶¶ 10, 31.) Plaintiff alleges that the plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. (Compl. ¶¶ 45, 49, 54-58.)

8.  Additionally, Plaintiff seeks long-term disability ("LTD") benefits under a Hartford-issued LTD plan. (Compl. ¶¶ 10-11, 27). Plaintiff alleges that he was insured for the LTD benefits under the Hartford-issued LTD plan, which plan is governed by ERISA. (*See* Compl. ¶ 29.)

9.  Plaintiff has filed an ERISA claim for benefits against Prudential pursuant to 29 U.S.C. § 1132(a)(1)(B) seeking to recover the WOP benefits, ERISA penalties under 29 U.S.C.

§ 1132(c), costs, interest, and attorneys' fees. (Compl., ¶¶ 54, 58, Prayer for Relief.) He also filed an ERISA claim for benefits against Hartford pursuant to 29 U.S.C. § 1132(a)(1)(B) seeking to recover the LTD benefits, costs, interest, and attorneys' fees. (Compl. ¶ 29.)

## Federal Question Jurisdiction

10. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

11. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13. Plaintiff's claim is brought pursuant to ERISA and thus arises under the laws of the United States within the meaning of 28 U.S.C. § 1331. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## Venue and Notice

14. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 97(b), this District embraces the Bullitt County Circuit Court, Commonwealth of Kentucky, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

15. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Bullitt County Circuit Court, Commonwealth of Kentucky, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d).  A copy of this notice is attached hereto at Exhibit B.

### Conclusion

16. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331; therefore, the Court may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

17. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

18. Prudential has complied with all statutory requirements for removal.

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully request that the above-described action pending against it be removed to the United States District Court for the Western District of Kentucky. Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

DATED:  July 29, 2021                Respectfully submitted,

                                        QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

                                        By: */s/ Buddy J. VanCleave*
                                              Buddy J. VanCleave
                                              buddy.vancleave@qpwblaw.com
                                              QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
                                              9300 Shelbyville Road, Suite 400
                                              Louisville, Kentucky  40222
                                              Telephone:  (502) 423-6390
                                              Facsimile:  (502) 423-6391

                                              Attorneys for Defendant
                                              THE PRUDENTIAL INSURANCE COMPANY
                                              OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2021, I have caused a true and correct copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL to be served upon the following, via U.S. First Class Mail:

>PHILIP G. FAIRBANKS
>BARTLEY K. HAGERMAN
>**Mehr, Fairbanks & Peterson Trial Lawyers, PLLC**
>201 West Short Street, Suite 800
>Lexington, Kentucky 40507
>Telephone: 859-225-3731
>Facsimile: 859-225-3830
>Email: pgf@austinmehr.com
>Email: bkh@austinmehr.com
>
>Georgette M. Pecoraro, RP
>Senior Litigation Manager
>The Hartford
>Law Department
>One Hartford Plaza (Mail Stop HO-1-06)
>Hartford, CT  06155
>Direct Dial:  (860) 547-4414
>Fax:  (855) 228-8839
>georgette.pecoraro@thehartford.com

>*/s/ Buddy J. VanCleave*
>Buddy J. VanCleave