# EXHIBIT A



# Service of Process Transmittal
07/12/2021
CT Log Number 539877477

**TO:** Florence Yee
The Prudential Insurance Company of America
751 BROAD ST
NEWARK, NJ 07102-3714

**RE:** **Process Served in Kentucky**

**FOR:** The Prudential Insurance Company of America (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WILLIAM CORDER, Pltf. vs. HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Dft. // To: PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21CI00552 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/12/2021 postmarked on 07/07/2021 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/12/2021, Expected Purge Date: 07/17/2021<br><br>Image SOP<br><br>Email Notification, Legal Process Unit  legal.process.unit@prudential.com<br><br>Email Notification, Susan Arizzo  susan.arizzo@prudential.com<br><br>Email Notification, Rosalia Bernal  rosalia.bernal@prudential.com<br><br>Email Notification, Darbi Luzzi  darbi.luzzi@prudential.com<br><br>Email Notification, Veronica O'Neal  veronica.oneal@prudential.com<br><br>Email Notification, Lissette Diaz  lissette.diaz@prudential.com<br><br>Email Notification, Pamela Sidoti  pamela.sidoti@prudential.com<br><br>Email Notification, Cheryl Moore  cheryl.moore@prudential.com<br><br>Email Notification, Florence Yee  Florence.Yee@Prudential.com |



**Service of Process Transmittal**
07/12/2021
CT Log Number 539877477

**TO:** Florence Yee
The Prudential Insurance Company of America
751 BROAD ST
NEWARK, NJ 07102-3714

**RE:** Process Served in Kentucky

**FOR:** The Prudential Insurance Company of America (Domestic State: NJ)

Email Notification, Julianne Hackett julianne.hackett@prudential.com

**REGISTERED AGENT ADDRESS:** C T Corporation System
306 W. Main Street
Suite 512
Frankfort, KY 40601

800-448-5350
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-00552**<br>Court:   **CIRCUIT**<br>County: **BULLITT** |

*Plantiff,* **CORDER, WILLIAM VS. HARTFORD LIFE AND ACCIDENT INSURANCE CO.**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
     **306 WEST MAIN STREET, SUITE 512**
     **FRANKFORT, KY 40601**

Memo: Related party is PRUDENTIAL INSURANCE COMPANY OF AMERICA

The Commonwealth of Kentucky to Defendant:
**PRUDENTIAL INSURANCE COMPANY OF AMERICA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Paulita A. Keith*
Bullitt Circuit Clerk
Date: **7/2/2021**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        Served By _____

                                         Title _____

---

Summons ID: 362773524597802@00000217615
CIRCUIT: 21-CI-00552 Certified Mail
CORDER, WILLIAM VS. HARTFORD LIFE AND ACCIDENT INSURANCE CO.



Page 1 of 1

 

COMMONWEALTH OF KENTUCKY
BULLITT CIRCUIT COURT
CIVIL DIVISION
CASE NO. _____
*Electronically Filed*

WILLIAM CORDER                                                              PLAINTIFF

vs.                                    **COMPLAINT**

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY                                DEFENDANTS

**Serve:**
CT Corporation System
306 W. Main St., Suite 512
Frankfort, KY 40601

PRUDENTIAL INSURANCE COMPANY OF AMERICA

**Serve:**
CT Corporation System
306 W. Main St., Suite 512
Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, William Corder ("Plaintiff"), by counsel, and for his Complaint against Defendants Hartford Life and Accident Insurance Company ("Hartford") and Prudential Insurance Company of America ("Prudential"), states as follows:

1. Plaintiff is, and was, at all times relevant to the claims asserted herein, a citizen and resident of the Commonwealth of Kentucky.

2. Hartford is an insurance company domiciled in the state of Connecticut, where it is a citizen and resident, with a statutory home office located at One Hartford Plaza, Hartford, CT 06155. Hartford is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.



3.  Hartford's service of process agent is CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601, and Hartford may be served through said service of process agent.

4.  Prudential is an insurance company domiciled in the state of New Jersey, where it is a citizen and resident, with a statutory home office located at 751 Broad Street, Newark, NJ 07102. Prudential is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

5.  Prudential's service of process agent is CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601, and Prudential may be served through said service of process agent.

6.  Jurisdiction and venue are proper in this Court, as Plaintiff is a citizen and resident of Kentucky, and Defendants conducted business and caused damages to Plaintiff in Kentucky and the subject insurance policy/plan was entered into in Kentucky, and Amazon.com Services, Inc. ("Amazon") (Plaintiff's employer at the times pertinent herein) is located in Bullitt County.

7.  Jurisdiction and venue are also proper in this Court pursuant to KRS 23A.010 because the amount in controversy exceeds the jurisdictional minimum.

8.  Plaintiff was employed with Amazon in Bullitt County, KY as a problem solve team member at the time he became disabled as set forth herein.

### Count I (claims against Hartford)

9.  Plaintiff hereby reiterates and incorporates by reference all claims and allegations set forth in the preceding paragraphs, as if set forth fully herein.

10. Hartford supplied and issued a policy of insurance (Policy No. GLT-681086) (the "Hartford Policy") to employees of Amazon, whereby Plaintiff obtained coverage and became insured for long-term disability insurance ("LTD").

11. The Hartford Policy provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

12. Plaintiff, while working at Amazon, became disabled as defined under the Policy, and remains disabled. His conditions include, but are not limited to, severe sepsis with septic shock, acute kidney failure, hearing loss, dyspnea, severe sleep apnea, morbid obesity and chest pain.

13. Plaintiff was, and remains, unable to perform the material duties of his own occupation and any other occupation, since on or about April 14, 2018, and he satisfies the definition of "disabled" under the Policy and its "any occupation" standard.

14. Plaintiff applied, and made a claim, for LTD benefits with Hartford in a timely and proper fashion, in the manner outlined in the Policy. The applicable Insured ID is 9003789649.

15. Plaintiff provided sufficient proof, including medical evidence, that he is disabled under the terms of the Hartford Policy.

16. Hartford initially approved Plaintiff's LTD claim, effective October 15, 2018 (following an elimination period) and paid benefits for a time.

17. Hartford instructed Plaintiff to apply for Social Security Disability (SSDI) benefits, which Plaintiff did.



18. Plaintiff's SSDI claim was approved, effective April 14, 2018, and Hartford thereafter claimed that it had overpaid Plaintiff's LTD benefits and demanded that it be reimbursed.

19. By letter dated October 7, 2019, Hartford informed Plaintiff that Plaintiff's LTD claim was denied.

20. Plaintiff properly and timely, and in the manner set forth in the Policy, appealed Hartford's denial of LTD benefits.

21. By letter dated April 10, 2020, Hartford reversed its claim denial and reinstated benefits, but did not actually pay Plaintiff any benefits due to an alleged overpayment; Hartford withheld all LTD benefits going forward, asserting that it was applying them against the alleged SSDI overpayment.

22. By letter dated September 2, 2020, Defendant again denied Plaintiff's LTD claim, finding he is not disabled under the "any occupation" standard of disability.

23. Plaintiff again properly and timely appealed the LTD denial in the manner set forth in the Policy/plan, and in the denial letter.

24. By letter dated April 22, 2021, Hartford upheld its denial of the claim and stated that Plaintiff had exhausted all administrative rights to appeal, and that Defendant would conduct no further review of the claim nor would it consider any additional information.

25. To date, Hartford has refused to approve Plaintiff's claim for LTD benefits, to which he is entitled by virtue of his multiple, co-morbid disabling conditions which satisfy the applicable standard of "disability" under the Policy.

26. Plaintiff properly and timely exhausted all administrative remedies with Hartford with respect to the LTD claim.

27. Plaintiff is entitled to LTD benefits under the terms of the Policy, due to his disabilities, and Hartford should be required to perform under the contract and pay LTD benefits to Plaintiff.

28. Hartford should be enjoined from ceasing LTD benefit payments under the contract.

29. The decisions of Hartford to deny benefits under the Policy were wrong, arbitrary and capricious, an abuse of discretion, and against the overwhelming evidence supplied by Plaintiff provided to Hartford, which entitles Plaintiff to recovery of full LTD benefits under the Policy, interest, costs and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g).

### Count II (claims against Prudential)

30. Plaintiff hereby reiterates and incorporates by reference all claims and allegations set forth in the preceding paragraphs, as if set forth fully herein.

31. Plaintiff, while employed at Amazon, became insured under a policy of life insurance (group policy no. G-53121) (the "Life Policy").

32. The Life Policy provides for waiver of premium ("WOP") benefits, whereby premiums are waived when the insured/claimant is disabled.

33. Plaintiff met the, and continues the meet, the standard for disability and qualifies for WOP under the Life Policy.

34. Plaintiff timely and properly made a claim for WOP benefits with Prudential, in the manner set forth in the Life Policy; his group claim number is 11834659 and his group control number is 53121.



35. Prudential initially approved Plaintiff's WOP claim.

36. By letter dated October 15, 2019, Prudential denied Plaintiff's WOP claim.

37. Plaintiff timely and properly appealed Prudential's wrongful denial of his WOP claim, in the manner set forth in the Life Policy.

38. Prudential reversed its prior denial and reinstated WOP benefits.

39. By letter dated November 3, 2020, Prudential again wrongfully denied Plaintiff's WOP claim.

40. Plaintiff timely and properly appealed this WOP denial, in the manner set forth in the Life Policy, by letter dated February 26, 2021.

41. Prudential acknowledged receipt of Plaintiff's WOP appeal by letter dated March 17, 2021.

42. By letter dated April 22, 2021, Prudential indicated it was unable to make a decision regarding the WOP appeal.

43. By letter dated June 4, 2021 (received in undersigned counsel's office on July 1, 2021), Prudential again indicated it was unable to make a decision regarding the WOP appeal.

44. To date, Prudential has failed to render a decision on the WOP appeal.

45. Pursuant to 29 C.F.R. 2560.503-1, Prudential had a specific period of time to render a decision, and may only take an extension due to "special circumstances." *See* 29 C.F.R. 2560.503-1(f).

46. If Prudential was entitled to take an extension, it was required to send Plaintiff an extension notice "indicat[ing] the special circumstances requiring an extension of time and the date by which the plan expects to render the benefit determination." *Id.* Prudential failed to abide by this requirement.

47. Prudential's delay is solely due to its own actions, and no information it had requested of Plaintiff.

48. At no time did Plaintiff agree to toll or extend the deadline for Prudential's decision on the WOP appeal.

49. Prudential's delay violates the time limits set forth under ERISA, and due to Prudential's failure to timely render a decision on the WOP appeal, Plaintiff is not required to wait any longer, and is not required to exhaust his administrative remedies; he is deemed to have exhausted his administrative remedies and is permitted to now bring this suit.

50. Plaintiff is deemed to have timely and properly exhausted all administrative remedies with respect to the Life Policy and his WOP claim with Prudential.

51. Prudential should be enjoined from ceasing WOP benefits under the Life Policy.

52. Plaintiff is entitled to WOP benefits under the terms of the Life Policy, due to his disabilities, and Prudential should be required to perform under the contract and waive Plaintiff's life insurance premiums.

53. To the extent Prudential has purportedly canceled Plaintiff's life insurance coverage, Prudential should be required to reinstate same and waive all premiums.

54. The decisions of Prudential to deny WOP benefits under the Life Policy were wrong, arbitrary and capricious, an abuse of discretion, and against the overwhelming evidence supplied by Plaintiff provided to Prudential, which entitles Plaintiff to recovery of full WOP benefits under the Life Policy, reinstatement of his life insurance, waiver of all past and current premiums, interest, costs and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g).



55. By letter dated January 9, 2020, Plaintiff requested a copy of, *inter alia*, the Prudential claim file, the policy and plan documents, and other documentation which Prudential was required to produce under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*.

56. Prudential responded by letter dated January 10, 2020, and provided only some correspondence; Prudential failed to supply the other documentation requested by Plaintiff under ERISA.

57. Pursuant to 29 U.S.C. 1024(b)(4) and ERISA Subsection 502(c), Prudential owed a duty to provide the aforementioned requested policy/plan documentation within thirty (30) days of the request for same. Prudential has, to date, failed to supply same.

58. Prudential is subject to a penalty (or penalties) of no less than $110 per day under ERISA Subsection 502(c) for failing to timely provide the requested documentation.

59. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff hereby demands the following relief against Defendants, jointly and severally:

1. Judgment against Hartford for full LTD benefits under the Policy, attorney's fees, costs, and prejudgment and post-judgment interest;

2. Judgment against Prudential for reinstatement of all life insurance benefits under the Life Policy, for all WOP benefits, costs, prejudgment and post-judgment interest, attorney's fees, and penalties of no less than $110 per day for Prudential's violation of ERISA Subsection 502(c); and

3. Any and all other relief to which Plaintiff appears entitled.

Respectfully submitted,

*/s/ Bartley K. Hagerman*
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
Email: pgf@austinmehr.com
Email: bkh@austinmehr.com
*Counsel for Plaintiff*

